# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **GAIL HARNESS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-100 |
| **WILLIAM T. JONES** individually and In his official capacity; and **ANDERSON COUNTY, TENNESSEE** Defendants. | ) ) ) ) ) ) |

## ANSWER OF ANDERSON COUNTY, TENNESSEE

COMES the Defendant, Anderson County, Tennessee, and answers the Complaint filed against it as follows:

1. Answering the allegations contained in Paragraph 1 of the Plaintiff's Complaint, Plaintiff's averments regarding the law are not facts and accordingly no answer is warranted. Any and all allegations against Defendant Jones are not directed at this Defendant, and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. This Defendant denies any liability in this cause.

2. Answering the allegations contained in Paragraph 2 of Plaintiff's Complaint, it is admitted that Plaintiff has brought this action against William T. Jones and Anderson County, Tennessee pursuant to 42 U.S.C. §1983. Defendant denies any liability in this cause.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted.

1

4. Answering the allegations contained in Paragraph 4 of Plaintiff's Complaint, this Defendant admits that the Court retains supplemental jurisdiction under 28 U.S.C. §1367 and may, in its discretion, exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. §1367. All other allegations against the foregoing are denied. Defendant denies any liability to Plaintiff.

5. Answering the allegations contained in Paragraph 5 of Plaintiff's Complaint, Venue is admitted. This Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5 and accordingly the allegations are placed at issue.

6. Answering the allegations contained in Paragraph 6 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 6. It is admitted that at times Plaintiff worked in the Circuit Court Clerks' Office of Anderson County, Tennessee. It is admitted that Plaintiff is presently employed by Anderson County, Tennessee. All allegations against the foregoing are denied. This Defendant denies any liability to Plaintiff.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are admitted.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. Defendant Anderson County, Tennessee does aver that any official capacity action against Mr. Jones, or any other county employee is, pursuant to §1983 precedent, in actuality a case against the county. Accordingly, to the extent the allegations contained in Paragraph 8 of Plaintiff's Complaint are against the county, the allegations are denied.

9. Defendant is without sufficient knowledge or information to admit or deny the vague and ambiguous allegations in Paragraph 9 of Plaintiff's Complaint and accordingly the allegations are placed at issue. This Defendant avers, however, that the court may, in its discretion, exercise supplemental jurisdiction over this claim in order to be adjudicated in this forum.

10. Answering the allegations contained in Paragraph 10 of Plaintiff's Complaint, it is admitted that Plaintiff was first an unpaid intern and then a part time clerk employed by the Circuit Court for Anderson County, Tennessee. Defendants are without sufficient knowledge or information concerning Plaintiffs collegiate endeavors or actual date of graduation, and accordingly the same are placed at issue. This Defendant denies any liability to the Plaintiff.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed at this Defendant, and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed at this Defendant, and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed at this Defendant, and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed at this Defendant, and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the forgoing are denied. This Defendant denies any liability to the Plaintiff.

15. Answering the allegations contained in Paragraph 15 of Plaintiff's Complaint, it is admitted only that Anderson County, Tennessee has an anti-harassment and anti-retaliation policy. The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations is inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

16. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 and accordingly the allegations are denied.

17. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 and accordingly the allegations are denied. The allegations contained in Paragraph 17 of Plaintiff's Complaint are also not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations against this Defendant are denied. Defendant denies any liability to the Plaintiff.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted,

the allegations are placed at issue. All allegations against the foregoing are denied. Defendant denies any liability to the Plaintiff.

19. The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. Defendant denies any liability to the Plaintiff.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations against the foregoing are denied. Defendant denies any liability to the Plaintiff.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. Defendant denies any liability to the Plaintiff.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. Defendant denies any liability to the Plaintiff.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. Defendant denies any liability to the Plaintiff.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

33. Answering the allegations contained in Paragraph 33 of Plaintiff's Compliant, it is admitted that Plaintiff was placed on a paid leave of absence beginning in September, 2017. All allegations inconsistent with the foregoing admission are denied. This Defendant denies any liability in this case.

34. This Defendant incorporates by reference the allegations of Paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed at this Defendant and therefore no answer is warranted. To the extent warranted, Defendant places the allegations at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff. It is denied that Plaintiff is entitled to reasonable attorney fees, costs, damages or any other relief against this Defendant.

39. This Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-38 of Plaintiff's Complaint as if fully and completely set forth herein.

40. Answering the allegations contained in Paragraph 40 of Plaintiff's Complaint, this Defendant denies Mr. Jones has any final policy making authority to bind the county under 42 U.S.C. §1983, or any other state or federal law. The primary allegations contained in Paragraph 40 are not directed at this Defendant and no answer is warranted. To the extent warranted, the allegations are placed at issue. All allegations inconsistent with the foregoing are denied. This Defendant denies any liability to the Plaintiff.

41. This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. This Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. This Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. This Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-45 of Plaintiff's Complaint as if fully and completely set forth herein.

47. This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. This Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. This Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. This Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. This Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. This Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-52 of Plaintiff's Complaint as if fully and completely set forth herein.

54. This Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. This Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. This Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Anything not heretofore expressly admitted or denied, is denied as though fully and completely set forth herein.

59. Defendant Anderson County, Tennessee avers that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to this Defendant.

60. Defendant Anderson County, Tennessee denies Plaintiff is entitled to equitable relief, compensatory damages of any kind, punitive damages of any kind, interest of any kind, attorney fees and costs of any kind, or any other relief in this cause. Defendant denies any liability to the Plaintiff.

61. This Defendant avers that some or all of Plaintiff's action is barred by the applicable statute of limitations.

WHEREFORE, Anderson County, Tennessee, respectfully requests that Plaintiff's action be dismissed with prejudice, costs and attorney's fees be awarded to Anderson County, Tennessee, and this Defendant further demands a jury to try this cause.

RESPECTFULLY SUBMITTED this 13th day of April, 2018.

    TAYLOR & KNIGHT, GP

    *s/ Arthur F. Knight, III*
    Arthur F. Knight, III, BPR #016178
    TAYLOR & KNIGHT, P.C.
    800 South Gay Street, Suite 600
    Knoxville, TN 37929
    Phone: 865-971-1701
    Fax: 865-971-1705

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    *s/Arthur F. Knight, III*
    Arthur F. Knight, III

11

Case 3:18-cv-00100-CLC-JEM   Document 11   Filed 04/13/18   Page 11 of 11   PageID #: 45