## IN UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| GAIL HARNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:18-CV-00100 |
| ) | CLC/HGB |
| ) | |
| WILLIAM T. JONES, individually and ) | |
| in his official capacity and, ANDERSON ) | |
| COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND COUNTERCLAIMS

Defendant William T. Jones (hereinafter "Mr. Jones"), by and through counsel, herein files its Answer and Counterclaim against Plaintiff Gail Harness ("hereinafter "Plaintiff") and in support thereof would show the following:

1. The allegations of numbered paragraph 1 of the Complaint are denied.

2. The allegations of numbered paragraph 2 of the Compliant are denied.

3. The averments of numbered paragraph 3 of the Complaint are, for the limited purpose of this Answer, acknowledged.

4. The averments of numbered paragraph 4 of the Complaint, for the limited purpose of this Answer, are acknowledged.

5. The averments of numbered paragraph 5 of the Complaint, for the limited purpose of this Answer, are acknowledged.

6. The averments of numbered paragraph 6 of the Complaint, are admitted.

7. The averments of numbered paragraph 7 of the Complaint, for the limited purpose of this Answer, are acknowledged.

8. The averments of numbered paragraph 8 of the Complaint, for the limited purpose of this Answer, are acknowledged.

9. The averments of numbered paragraph 9 of the Complaint, for the limited purpose of this Answer, are acknowledged.

10. The averments of numbered paragraph 10 of the Complaint are admitted.

11. The allegations of numbered paragraph 11 of the Compliant are denied.

12. The allegations of numbered paragraph 12 of the Complaint are denied.

13. The allegations of numbered paragraph 13 of the Complaint are not within the Mr. Jones' knowledge and information and are therefore denied.

14. The allegations of numbered paragraph 14 of the Complaint are denied.

15. The allegations of numbered paragraph 15 of the Complaint are denied.

16. The allegations of numbered paragraph 16 of the Complaint are denied.

17. The allegations of numbered paragraph 17 of the Complaint are denied.

18. The allegations of numbered paragraph 18 of the Complaint are denied.

19. The averment of numbered paragraph 19 of the Complaint that Jones and Plaintiff "communicate[ed]" through "Snapchat" is admitted. The allegations set forth in the remainder of paragraph 19 are denied.

20. The allegations of numbered paragraph 20 of the Complaint "at first Jones' Snapchat messages to Plaintiff were more of the same comments about her attire, for example" are denied. The averments set forth in the remainder of paragraph 20 are admitted.

21. The allegations of numbered paragraph 21 of the Complaint are denied.

22. The allegations of numbered paragraph 22 of the Complaint are denied.

23. The allegations of numbered paragraph 23 of the Complaint are denied.

24. The allegations of numbered paragraph 24 of the Complaint are not within Mr. Jones' knowledge and information and are therefore denied.

25. The allegations of numbered paragraph 25 of the Complaint are denied.

26. The allegations of numbered paragraph 26 of the Complaint are denied.

27. The allegations of numbered paragraph 27 of the Complaint are denied.

28. The allegations of numbered paragraph 28 of the Complaint are denied.

29. The allegations of numbered paragraph 29 of the Complaint are denied.

30. The allegations of numbered paragraph 30 of the Complaint are denied.

31. The allegations of numbered paragraph 31 of the Complaint are denied.

32. The allegations of numbered paragraph 32 of the Complaint are denied.

33. The averments of numbered paragraph 33 of the Complaint, are not within Mr. Jones' knowledge and information and are therefore denied.

34. The averments of numbered paragraph 34 of the Complaint do not require a response by Mr. Jones.

35. The allegations of numbered paragraph 35 of the Complaint are denied.

36. The allegations of numbered paragraph 36 of the Complaint are denied.

37. The allegations of numbered paragraph 37 of the Complaint are denied.

38. The allegations of numbered paragraph 38 of the Complaint are denied.

39. The averments of numbered paragraph 39 of the Complaint do not require a response by Mr. Jones.

40. The allegations of numbered paragraph 40 of the Complaint are, as stated, denied.

41. The allegations of numbered paragraph 41 of the Complaint are denied.

42. The allegations of numbered paragraph 42 of the Complaint are denied.

43 The allegations of numbered paragraph 43 of the Complaint are denied.

44. The allegations of numbered paragraph 44 of the Complaint are denied.

45. The allegations of numbered paragraph 45 of the Complaint are denied.

46. The averments of numbered paragraph 46 of the Compliant do not require a response by Mr. Jones.

47. The allegations of numbered paragraph 47 of the Complaint are denied.

48. The allegations of numbered paragraph 48 of the Complaint are denied.

49. The allegations of numbered paragraph 49 of the Complaint are denied.

50. The allegations of numbered paragraph 50 of the Complaint are denied.

51. The allegations of numbered paragraph 51 of the Complaint are denied.

52. The allegations of numbered paragraph 52 of the Complaint are denied.

53. The averments of numbered paragraph 53 of the Complaint do not require a response by Mr. Jones.

54. The allegations of numbered paragraph 54 of the Complaint are denied.

55. The allegations of numbered paragraph 55 of the Complaint are denied.

56. The allegations of numbered paragraph 56 of the Complaint are denied.

57. The allegations of numbered paragraph 57 of the Complaint are denied.

58. Mr. Jones avers that Plaintiff's Complaint fails to state a claim upon which relief may be granted as to him.

59. Mr. Jones denies that Plaintiff is entitled to any damages whatsoever and/or equitable relief, court costs and/or attorney's fees and denies any liability to Plaintiff.

60. Mr. Jones avers that part or all of Plaintiff's claims are barred by the applicable statute of limitations.

## COUNTER-CLAIMS

1. Mr. Jones has fully answered and now asserts these Counter-Claims against Plaintiff as follows:

2. Plaintiff was a sub-standard employee, admonished for serious infractions of policy and decorum and despite these deficiencies was promoted and retained as a fully paid employee. The allegations set forth in her Complaint are retaliation and retribution for repeated notification of her consistently poor work performance.

3. In January 2016, Plaintiff began work in the Circuit Court Clerk's office as an unpaid Intern.

4. Shortly thereafter, in February 2016, Plaintiff was hired into the Circuit Court Clerk's office on a part-time basis.

5. Between April to May 2016, Plaintiff initiated consensual communications with Mr. Jones through "Snapchat."

6. Apparently, in May to July 2016, unknown to Mr. Jones, Plaintiff's husband contacted the Anderson County Mayor allegedly to complain of Mr. Jones' conduct.

7. By August 2016, Mr. Jones understood from Plaintiff that she was seeking teaching or daycare employment, however, Plaintiff and her husband asked Mr. Jones to hire Plaintiff as a full-time Deputy Clerk in the Circuit Court Clerk's office.

8. Mr. Jones thereafter hired Plaintiff as a full-time Deputy Clerk in the Circuit Court Clerk's office.

9. By March 2017, Plaintiff was disciplined by her supervisor, Jessica Williams, for "carelessness" with the stated consequences of "standard termination or time off with pay."

10. By March 2017, Plaintiff initiated 'Snapchats' with Mr. Jones had ceased.

11. By August 2017 as a result of continuing infractions and complaints by the personnel by the Juvenile Court Clerks, Plaintiff was reassigned, continuing at full employment, to the Oak Ridge General Sessions Court.

12. On or around August 9, 2018, Plaintiff complained to the Anderson County Human Resources Department that Mr. Jones was harassing her.

13. Thereafter, Plaintiff continued to elicit numerous complaints and expressions of dissatisfaction of work performance from Circuit Court Clerk's personnel and supervisors including, but not limited to, violations of courtroom decorum, inappropriate dress, carelessness, misapplied bank deposits of court funds.

14. On September 19, 2017, contrary to the stated policy Anderson County Government Employee Handbook, as made applicable by the Anderson County Board of Commissioners, Mr. Jones was first informed that Plaintiff (identified as a "complainant") was being placed on "administrative leave" because of a "sexual harassment complaint" against him.

15. Contrary to the stated policy in the Anderson County Government Employee Handbook, as made applicable by the Anderson County Board of Commissioners, Mr. Jones was not given an opportunity to be interviewed or respond to Plaintiff's accusations and was not afforded the confidentiality, privacy or due process requirements set forth therein.

## FIRST CLAIM FOR RELIEF
## FALSE LIGHT/INVASION OF PRIVACY

16. Jones re-states and incorporates by reference, as if verbatim, each and every preceding paragraph as though set forth herein in full.

17. Plaintiff, through her intentional, malicious, and/or reckless portrayal of Mr. Jones in publications and broadcasts beginning from on or about May 2016 to the present have cast him in a false light before the public by, among other things, maliciously and recklessly asserting that he was committing acts set forth in her Complaint and causing him emotional distress, personal humiliation, mental anguish and suffering.

18. As a direct and proximate cause of these injuries Mr. Jones has suffered general and special damages of which the false light invasion of his privacy is the legal cause and seeks judgment against all Defendants.

## SECOND CLAIM FOR RELIEF
## DEFAMATION

19. Mr. Jones re-states and incorporates by reference as if verbatim, each and every preceding as though set forth herein in full.

20. Plaintiff, beginning from May 2016 to the present, through her intentional, malicious, and/or reckless disregard for the truth of the statements and/or with negligence in failing to ascertain the truth of the statements, both verbally and in writing, published and broadcasted to third parties false statements regarding Mr. Jones through the assertions set forth in her Complaint, thereby causing harm to his reputation, emotional distress, personal humiliation, mental anguish, and suffering.

21. As a direct and proximate cause of these injuries, Mr. Jones has suffered general and special damages of which both libel and slander are the legal causes and seeks judgment against Plaintiff.

WHEREFORE, Mr. Jones in his individual and official capacities prays as follows:

1. That Plaintiff be served upon this filing and required to answer;

2. That Mr. Jones recover damages as the Court may deem appropriate;

3. That Mr. Jones recover its costs from Plaintiff including discretionary and Court costs and attorneys' fees;

4. That the Court grant Mr. Jones any such other, further and general relief as the Court deems it is entitled to upon a hearing of this cause.

Respectfully submitted this 13th day of April, 2018.

YOUNG, WILLIAMS & WARD, PC

*s/ Hugh B. Ward, Jr.*
HUGH B. WARD, JR. (BPR #015071)
300 Montvue Road
Knoxville, TN 37919
Phone: (865) 637-1440

## CERTIFICATE OF SERVICE

I hereby certify that on April 13th, 2018, a copy of the foregoing Answer and Counterclaim was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

YOUNG, WILLIAMS & WARD, PC

*s/ Hugh B. Ward, Jr.*
HUGH B. WARD, JR. (BPR #015071)
300 Montvue Road
Knoxville, TN 37919
Phone: (865) 637-1440