UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GAIL HARNESS, | ) | | |
| | ) | | |
| *Plaintiff,* | ) | Nos. | 3:18-CV-100 |
| | ) | | 3:19-CV-340 |
| v. | ) | | |
| | ) | Judge Collier | |
| ANDERSON COUNTY, TENNESSEE, | ) | Magistrate Judge Guyton | |
| | ) | | |
| *Defendant.* | ) | | |

## MEMORANDUM & ORDER

Defendant, Anderson County, Tennessee, has filed a motion in limine to exclude from trial any testimony by or reference to eight so-called "anonymous victims" of alleged sexual harassment by William Jones, the former supervisor of Plaintiff, Gail Harness,[1] in these consolidated hostile-work-environment and retaliation cases. (Doc. 74.) Plaintiff has responded. (Doc. 85.)

Defendant first argues for exclusion of the evidence on the grounds that it is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence. (Doc. 74 at 1–2.) Defendant argues the trial will be about how Defendant, "through the alleged 'policies' of William Jones[,] created a hostile work environment for Plaintiff," and the testimony of these eight witnesses is "separate and distinct from the alleged hostile work environment faced by Plaintiff." (*Id.*)

---

[1] The identity of these eight witnesses is known to both parties. (*See* Doc. 73 [Pl. Witness List] ¶ 19 (identifying as witnesses who may be called "[a]ny of the anonymous victims identified by Defendant as Victim Nos. 1 through 8, whose correct identity is known to Defendant").) In fact, Plaintiff alleges she is one of them. (Doc. 85 at 2.)

Plaintiff opposes Defendant's relevance argument on two grounds. (Doc. 85.) First, she argues the testimony of other victims is admissible in a single-plaintiff case where that evidence is closely related to the plaintiff's circumstances and theory. (*Id.* at 1–2 (citing *Griffin v. Finkbeiner*, 689 F.3d 584, 598 (6th Cir. 2012) (reversing exclusion of evidence of the alleged retaliatory discharges of other employees in a discrimination and retaliation case; providing non-exclusive list of factors to consider)).) Second, she argues that she may rely not only on Jones's actions as a policymaker to establish municipal liability, but also on Defendant's alleged "custom of turning a blind-eye to complaints of sexual harassment against certain county officials, as evidence[d] by the prospective testimony and complaints of these" witnesses. (*Id.* at 2.)

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. One of the elements Plaintiff will have to prove at trial will be that Defendant, as a municipality, should be held liable for Jones's alleged violation of Plaintiff's rights. (*See* Doc. 55 at 13–17.) This liability can exist only if an official policy or custom caused Jones to violate Plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Plaintiff may show the existence of such an official policy or custom in various ways, including: "actions taken by officials with final decision-making authority . . . or . . . a custom of tolerance or acquiescence of federal rights violations." *See Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

As Plaintiff has argued, evidence of Jones's alleged harassment of other employees could be of consequence in determining whether Defendant had "a custom of tolerance or acquiescence

of federal rights violations" such that it may be held liable for Jones's alleged violation of Plaintiff's rights. *Id.* Excluding all testimony by or reference to these eight witnesses on relevance grounds is therefore not warranted.

Because only one basis of relevance is required to deny Defendant's motion to exclude under Rules 401 and 402, it is not necessary to perform a more detailed analysis of the relevance of the witnesses' testimony under *Griffin* and a policymaker theory of liability at this time. Further, such an analysis would be premature without more information on the testimony the witnesses are expected to provide. *See Griffin*, 689 F.3d at 599 (instructing trial court to "consider the admissibility of evidence regarding each employee individually rather than issue a blanket ruling as to all proposed 'other acts' evidence"). Rules 401 and 402 do not require the exclusion of the testimony of the eight witnesses.

Defendant next argues the evidence is inadmissible under Rule 403 based on the risk of prejudice and jury confusion, because any actions Jones took toward the eight witnesses "is not relevant to the work environment Plaintiff alleges Jones put her in." (Doc. 74 at 2.) Plaintiff responds that Defendant's Rule 403 argument is disposed of by *Griffin*, 689 F.3d at 598, and that Defendant has not explained how any jury confusion could arise under these circumstances.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. Defendant argues the testimony of the eight witnesses would be "highly prejudicial and could lead to juror confusion," but Defendant does not attempt to balance these risks against the probative value of the evidence, as Rule 403 requires. (*See* Doc. 74 at 3.) Defendant's argument also seems to take for granted that the

3

witnesses' testimony will have no relevance at all, as Defendant discusses it only in connection with a policymaker theory of liability. Defendant has not shown at this time that the probative value of the testimony of these eight witnesses is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Rule 403 does not require the exclusion of the testimony of the eight witnesses.

Finally, Defendant argues "it is unclear if any of these alleged victims would have any knowledge pertaining to Plaintiff's alleged retaliatory discharge" and their testimony should be excluded under Rules 401, 402, and 403 for this reason. (Doc. 74 at 2.) The lead case of these consolidated cases asserts hostile-work-environment and retaliation causes of action; the second case asserts a cause of action for retaliatory discharge. The cases were consolidated with the parties' agreement. (Doc. 68 at 1 (reciting that parties agreed during scheduling conference in Case No. 3:19-cv-340 and final pretrial conference in Case No. 3:18-cv-100 that the cases should be consolidated).) Defendant has not articulated a basis on which evidence that is relevant to one of Plaintiff's causes of action should be excluded simply because it may not be relevant to another. And, as discussed in the preceding paragraph, Defendant has not made any argument from which the Court can conclude that the evidence should be excluded under the balancing test of Rule 403.

Accordingly, Defendant's motion in limine (Doc. 74) is **DENIED**.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**