UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GAIL HARNESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Nos. 3:18-cv-100, 3:19-cv-340 |
| v. | ) Judge Collier |
| | ) Magistrate Judge Guyton |
| ANDERSON COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## FINAL PRETRIAL ORDER

This matter having come before the Court on June 3, 2021 at a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, and Ursula Bailey, Richard Everett Collins, and Dan Channing Stanley having appeared as counsel for Plaintiff Gail Harness, and Arthur Knight and Caitlin Burchette having appeared as counsel for Defendant Anderson County, Tennessee, the following action was taken:

**1.** *Jurisdiction*: This civil rights action arises under the Equal Protection Clause of the Fourteenth Amendment and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367. The jurisdiction of the Court is not disputed.

**2.** *General Nature of the Claims of the Parties*:

a. Claims and relief sought: Plaintiff brings four distinct claims against Defendant, her former employer: 1) for compensatory and punitive damages for subjecting her to a hostile work environment in violation of the Fourteenth Amendment's equal protection clause; 2) for compensatory and punitive damages for subjecting her to a hostile work environment in violation of the Tennessee Human Rights Act ("THRA"); 3) for lost wages and employment benefits, compensatory damages, and punitive damages for terminating Plaintiff's employment in retaliation of her asserting her rights secured by the Fourteenth Amendment's equal protection clause; and 4) for lost wages and employment benefits, compensatory damages, and punitive damages for terminating Plaintiff's employment in retaliation of her asserting her rights secured by the THRA.

Finally, should Plaintiff prevail on one or more of the foregoing claims, she and her attorneys seek an award of all reasonable attorney fees and costs under 42 U.S.C. § 1988 and the THRA.

b. <u>Stipulated facts:</u>

   1) There is no dispute concerning the Court's jurisdiction over the claims in this case.

   2) Anderson County is an "employer" within the meaning of and subject to the Tennessee Human Rights Act, which prohibits workplace discrimination and harassment based on sex, and similarly prohibits employers from terminating, reassigning, or demoting employees who complain about sex discrimination and harassment, and the cases construing said law.

   3) Anderson County is subject to the Fourteenth Amendment's equal protection clause, which likewise prohibits discrimination and harassment based on sex, and further prohibits governmental employers like Anderson County from retaliating against individuals who complain about sex discrimination and harassment, and the cases construing said law.

   4) William T. Jones was elected as the Clerk of the Anderson County Circuit Court Clerk's Office on September 2, 2014 and took office on September 2, 2014.

   5) On May 2, 2018, William T. Jones lost his re-election campaign to Rex Lynch.

   6) In January of 2016, Plaintiff Gail Harness began working at the Anderson County Circuit and General Sessions Court Clerk's office as an intern.

   7) In February of 2016, Plaintiff was hired as a part-time file clerk in the Clerk's office.

   8) Plaintiff was hired as a full-time deputy clerk with the Anderson County Circuit and General Sessions Court Clerk's office in August 2016.

   9) On August 9, 2017 Plaintiff reported her complaints of sexual harassment to Anderson County HR Director, Russell Bearden.

c. <u>Plaintiff's theory:</u> *[set out brief summary without detail]*.

Employers, particularly governmental employers like Anderson County, have a legal obligation under the United States Constitution and under Tennessee law to prevent sexual and other forms of harassment in the workplace, whether at the hands of coworkers, supervisors, or officials. In this case, Anderson County failed to protect Plaintiff Gail Harness and other women from severe and ongoing sexual harassment perpetrated by the County's own official, William T. Jones, Clerk of the Anderson County Circuit Court.

For years preceding the filing of this action, Clerk Jones subjected Plaintiff and other women working for the County to unwelcomed sexual advances, unwanted touching, intimidation, threats of retaliation, retaliation, and epithets offensive to women. The County knew all along that Clerk Jones was doing it. Enduring sexual harassment in the Clerk's office became a part of the job. It was like a requirement Plaintiff, a young mother and recent college graduate, who once believed she was destined to work in government for the rest of her life, had to grin and bear day after day to keep her job, her health benefits, and her career.

And even worse, once she finally got the courage to report Clerk Jones's harassment to the County's HR department, which it already knew, it was Plaintiff—not Jones—who was stripped of her position and forced to take a leave of absence. The County proved it was not interested in helping Jones's victims, or in correcting the hostile work environment, because absolutely nothing was done (no training, no monitoring). Nothing. Instead, the County just shuffled Plaintiff aside until Jones lost a political election, then fired her for no reason after a new Clerk took office.

In this case, seeks money damages to compensate her for the mistreatment, the humiliation, the fear, the anxiety, and emotional injuries she suffered and sustained and will continue to suffer and sustain as a result of the harassment and the County's failure to protect her.

Specifically, Plaintiffs seeks an award of back pay in an amount equal to all lost wages plus the value of all lost benefits arising from her unlawful termination on September 1, 2018.

Plaintiff seeks compensatory damages for mental anguish, emotional distress, a diagnosis of post-traumatic stress disorder, pain and suffering, shame, damage to her reputation, and all other compensatory damages to which she is entitled. Each one of these damages are separate and distinct. Plaintiff was 28 years-old when the harassment began. According to the U.S. Life Tables, National Vital Statistics Reports, Vol. 68, No. 7, June 24, 2019, Plaintiff's life expectancy is 54.9 years or 20,039 days.

Finally, Plaintiff seeks an award of punitive damages in amount to be determined by the jury.

        d.      <u>Defendant's theory:</u> *[set out brief summary without detail]*.

Defendant denies violating Plaintiff's federal constitutional rights, state law, or engaging in any wrongdoing towards Plaintiff. Neither this Defendant nor any employee/agent of this Defendant acted with deliberate indifference towards the Plaintiff regarding any alleged claim of sexual harassment.

At the time of the alleged events, this Defendant had policies and procedures in place regarding sexual harassment. A copy of the sexual harassment policy was in the Anderson County Government Employee Handbook.

Plaintiff began working for the Anderson County Circuit and General Sessions Court staf as an intern on or around January 2016. Plaintiff was hired by then-clerk William Jones. The Circuit Court Clerk is an elected official within Anderson County. Plaintiff became a part-time clerk on or around February 2016 and was hired full time by Jones in August of 2016.

During Plaintiff's tenure as a part-time clerk, she began communicating with Mr. Jones outside of work via the social media app, Snapchat. Snapchat allows users to send each other pictures and text-message like communications that automatically disappear after a certain time. Plaintiff sent Mr. Jones pictures of her exposed breasts through this app, and some messages contained improper suggestions by Jones. Despite these alleged improper suggestions, Plaintiff continued to use the app to communicate with Jones. This type of communication continued for months, carrying over into Plaintiff's tenure without complaint from Plaintiff. Of course, Plaintiff deleted all inappropriate suggestions she made to Mr. Jones.

Plaintiff did not voice any of her complaints or concerns regarding Jones to any supervisor, department head, or human resource representative regarding Jones until August 9, 2017, after she received a disciplinary action from Jones at the clerk's office. The Anderson County Human Resources Department investigated the matter and had the Plaintiff give a sworn statement on September 14, 2017.

Defendant asserts that it acted swiftly and appropriately once Plaintiff reported her complaints or concerns regarding Jones to human resources. Following Plaintiff's state
ment she was placed on leave with pay and benefits. Plaintiff received full pay and benefits from the County despite not working until March 2018, when she took a position at the county-owned senior center. During her employment at the senior center, Plaintiff was paid the same rate she was receiving as a clerk.

Mr. Jones did not win his re-election campaign and was replaced by Rex Lynch on September 1, 2018. As is typical with an elected office, Mr. Lynch interviewed all current clerk staff and applicants to determine the staff for his term. Ms. Harness interviewed for her clerk position again and was not rehired by Mr. Lynch, for legitimate, non-discriminatory reasons. The same month, Plaintiff gained employment with Douglas-Cherokee Economic Agency

Defendant asserts that no action of Jones was authorized or approved by any County policy or custom.

Defendant alleges that no act or omission by the County was a proximate cause to any claimed injury of the Plaintiff.

Defendant demands a jury to try this cause.

Defendant avers Plaintiff is not entitled to any relief in this cause.

Defendant respectfully request that it be awarded its attorney fees and costs pursuant to 42 U.S.C. § 1988 should it prevail in this action.

**3**. *<u>Contested Issues of Law</u>*:  There are no special issues of law to be resolved before trial.

**4**. *<u>Exhibits</u>*:  The parties have disclosed all exhibits in accordance with Rule 26(a)(3)(A)(iii) of the Federal Rules of Civil Procedure.  All exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them.

The parties have prepared a joint list of exhibits. Three copies of this list have been provided to the Court at the final pretrial conference. If this case is nonjury, a copy of each exhibit has been furnished to the court at the final pretrial conference.

The parties have endeavored to stipulate to the admissibility of all exhibits. The parties cannot stipulate to the admissibility of the following exhibits:

1) Plaintiff cannot stipulate to Defendant's exhibit 1, because not all of Plaintiff's personnel file is relevant.

2) Plaintiff cannot stipulate to Defendant's exhibit 2, because Plaintiff's personnel file from her current employer is not relevant.

3) Plaintiff cannot stipulate to Defendant's exhibit 4, because requests for production responses are not relevant.

4) Plaintiff cannot stipulate to Defendant's exhibit 5, because her medical expenses (from a different lawsuit) have no bearing on this case and are irrelevant.

5) Plaintiff cannot stipulate to Defendant's exhibit 6 and 7, because these are deposition transcripts from an unrelated personal injury case and are hearsay and irrelevant.

6) Plaintiff cannot stipulate to Defendant's exhibit 13 and 16 because her complaint is irrelevant and this pretrial order amends all prior pleadings

7) Plaintiff cannot stipulate to Defendant's exhibit 14, because Jones's answer and counter-claims are irrelevant and hearsay and would only lead to juror confusion

8) Plaintiff cannot stipulate to Defendant's Exhibit 16, because her complaint is irrelevant and this pretrial order amends all prior pleadings

9) Plaintiff cannot stipulate to Defendants Exhibit 17-19 because these are irrelevant pleadings from unrelated case, and they are hearsay

10) Defendant objects to Plaintiff's exhibits 1-6 on the grounds that they are not relevant, are highly prejudicial to the Defendant and could lead to juror confusion of the issues.

11) Defendant objects to Plaintiff's exhibit 8 on the grounds that the information contained in the email is hearsay.

12) Defendant objects to Plaintiff's exhibits 9-10 on the grounds that they are not relevant to this Defendant and are highly prejudicial.

13) Defendant objects to Plaintiff's exhibit 11 as it is not relevant and highly prejudicial to this Defendant

14) Defendant objects to Plaintiff's exhibit 12 as it is not relevant to the claims at bar.

15) Defendant objects to Plaintiff's exhibit 13 as it is not relevant, highly prejudicial to this Defendant and could lead to juror confusion of the issues.

16) Defendant objects to Plaintiff's exhibit 14 as some of the attachments are hearsay.

17) Defendant objects to Plaintiff's exhibit 16 as it is not relevant, highly prejudicial to this Defendant and could lead to juror confusion of the issues.

18) Defendant objects to Plaintiff's exhibit 21 as the document does not match what it purports to be. Further, Mayor Terry Frank was not in office at the time the original email was sent.

19) Defendant objects to exhibit 28 as it is not relevant to the claims at issue

20) Defendant objects to exhibit 32 as it is not proximate in time to the complained of events and is therefore not relevant, highly prejudicial to this Defendant and could lead to juror confusion of the issues.

21) Defendant objects to exhibit 34 as it is not relevant to the claims at issue, it is highly prejudicial to this Defendant and it could lead to juror confusion of the issues.

22) Defendant objects to exhibit 36 as it is not relevant to the claims at issue, is highly prejudicial to this Defendant and could lead to juror confusion of the issues.

23) Defendant objects to exhibit 38 as it is not relevant to the claims at issue, is highly prejudicial against this Defendant and could lead to juror confusion of the issues.

24) Defendant objects to exhibits 45-46 as they are not relevant to the claims at issue and is highly prejudicial.

25) Defendant objects to exhibits 53-54 as they are not relevant to the claims at issue, they are highly prejudicial to this Defendant and could lead to juror confusion of the issues.

26) Defendant objects to exhibit 55 as it is not relevant to the claims at issue.

5. *Witnesses*: The parties have disclosed all witnesses in accordance with Rule 26(a)(3)(A)(i) of the Federal Rules of Civil Procedure. The names, addresses, and telephone numbers of all witnesses are as follows:

   a. Witnesses for Plaintiff(s):

1. Plaintiff Gail Harness, c/o Richard Collins and Ursula Bailey, 422 S. Gay St., Ste. 301 Knoxville, TN 37902, (865) 522-9942

2. Rodney Harness, Plaintiff's Ex-husband , 302 Doe Run Boulevard, Clinton, TN 37716, (865) 567-3550

3. William T. Jones, former Anderson County Circuit Court Clerk, 111 Jones Lane, Unit 268, Briceville, TN 37710, (865) 603-3418

4. Amy Jones, wife of William T. Jones, 111 Jones Lane, Unit 268, Briceville, TN 37710, (865) 603-3418

5. Rex Lynch, current Anderson County Circuit Court Clerk 100 N. Main Street, Suite 301, Clinton, TN 37716, 865-463-6821

6. Terry Frank, Anderson County Mayor, 100 N Main Street, Room 208, Clinton, TN 37716-3617, (865) 457-6200 or (865) 457-6201

7. Cathy Best, former Anderson County Director of Human Resources, current employer: Ole Smoky Tennessee Moonshine, 236 E. Main Street, Sevierville, TN 37862, (865) 436-6995

8. Russell Bearden, former Anderson County Director of Human Resources, 1435 Grandview Drive, Lenoir City, TN 37772, (865) 661-4583

9. Kim Jeffers-Whitaker, Anderson Count Director of Human Resources, 100 N Main Street, Room 102, Clinton, TN 37716, (865) 264-6300

10. Stephanie Strickland, Benefits Administrator, Anderson County Office of Human Resources and Risk Management, 100 N Main Street, Room 102, Clinton, TN 37716, (865) 264-6300

11. N. Jay Yeager Anderson County Law Director, 101 South Main Street, Ste. 310 Clinton, TN 37716, (865) 457-6290

12. Amanda Surdock, Ph.D., Plaintiff's Treating Psychologist, 9111 Cross Park Drive, Building D, Ste 200, Knoxville, TN 37923, (865) 321-1076

13. Sabra Beauchamp, 116 Orchard Circle, Oak Ridge, TN 37830, (865) 773-4177

14. Catherine Denenberg, Anders County Commissioner, 100 North Main Street, Clinton, TN 37716, (865) 457-5400, (865) 230-2594

15. Tim Isbel, Anderson County Commission Chairman, c/o Arthur Knight and Caitlin Burchette, Taylor & Knight, GP, 800 S. Gay Street, Suite 600, Knoxville, TN 37929

16. Any member of the Anderson County Commission serving during the term of William T. Jones as Clerk

17. Records Custodians for Anderson County, including but not limited to the County Commission, Law Director's Office, Office of Human Resources and Risk Management, and Circuit Court Clerk's Office

18. Amy Carr née Ogle, 4 Ivy Court, Clinton, TN 37716, (865) 805-9398

19. Valerie Walker (Breeden), 5020 Laurel Woods Drive, Knoxville, TN 37921, (865) 405-1511

20. Emily Wallace, 110 Concord Road, Oak Ridge, TN 37830

21. Jessica Williams, 350 Ridgeview Dr., Clinton, TN 37716

22. Tracy Spencer, 7257 Meadowbrook Cir, Knoxville, TN, 37918, (865) 938-1415

23. Nicole (Niki) Fleck Lucas, (865) 247-1850

24. Heather Miller, 115 Oakwood Drive, Clinton, TN 37716

25. Kaylee Winstead, 107 Wilson Avenue, Clinton, TN 37716

26. Dawn McQueen, 7333 Ladd Rd, Powell, TN 37849

27. Tracy Spitzer, 171 Crossroads Blvd, Oak Ridge, TN 37830

28. April Seiber, 101 S. Main St., Clinton, TN 37716, (865) 457-6223

29. Angela Brown, 130 Hilltop Ln, Powell, TN 37849, (865) 670-0884

30. Brittany Hall, Plaintiff's friend, (865) 314-6022

31. Taisa Wagner, Plaintiff's sister, (423) 529-8279

32. Dave Anderson, NAACP

b.  <u>Witnesses for Defendant(s):</u>

1. Rex Lynch
c/o Arthur F. Knight, Esq.

Taylor & Knight, GP
800 S. Gay Street, Suite 600
Knoxville, TN 37929
(865) 971-1701

2. Kim Jeffers-Whitaker
c/o Arthur F. Knight
Taylor & Knight, GP
800 S. Gay Street, Suite 600
Knoxville, TN 37929
(865) 971-1701

3. Russell Bearden
1435 Grandview Dr.
Lenoir City, TN 3772
(865) 661-4583

4. Amanda White
Human Resources Director and/or Records Custodian, Douglas-Cherokee Economic Authority, Inc.
534 E. 1st N. St.
Morristown, TN 37814
(423) 587-4500

5. Cherie Phillips
195 Edgewood Ave.
Clinton, TN 37716

6. Terry Frank
100 N. Main Street
Room 208
Clinton, TN 37716
(865)457-3200

7. William Jones
c/o Hugh B. Ward, Jr.
300 Montvue Rd. Knoxville, TN 37919
(865)637-1440

**6.** *<u>Other Matters</u>*: This case is set for trial before the United States District Judge and a jury at 9:00 a.m. on June 21, 2021. Counsel shall be present at 9:00 a.m. on the first day of trial to take up any preliminary matters. The probable length of trial is 5 days. The parties should be prepared for trial on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

> *[<u>NOTE</u>: As it has been contended that the failure to include a jury demand in the final pretrial order is a <u>waiver</u> of the jury demand, your attention is invited to being certain to set forth your jury demand if it is your intention to have a jury trial.]*

**7.** **This final pretrial order shall supplant the pleadings.**

**SO ORDERED.**

**ENTER:**

_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

APPROVED AS TO FORM AND SUBSTANCE:

_____
Attorney for Plaintiff(s)

_____
Attorney for Defendant(s)